IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODOLFO MOLINA, JR.,

    Plaintiff,

vs.

JEFFREY WRIGLEY, et al.,

    Defendants.

1:07 CV 0522 AWI WMW PC

FINDINGS AND RECOMMENDATION

Plaintiff is a federal prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on August 20, 2008, first amended complaint. Plaintiff, an inmate in the custody of the U.S. Bureau of Prisons at the Federal Correctional Institution at Taft (FCI), brings this civil rights action against defendant correctional officials employed at FCI Taft. Plaintiff names as defendants Warden Jeffrey Wrigley, Unit Manager Julie Strongin, Case Manager Joyce Ward, Case Manager Coordinator Minga Wofford, and the GEO Group, Inc. A private corporation.

Plaintiff's central claim in this case is the denial of his request for placement in a prison camp. Plaintiff specifically alleges that on March 16, 2006, he was informed by Defendant Strongin and Ward that he was ineligible for camp placement. Plaintiff was ineligible for camp placement "due to past occupation, and there is a concern regarding the position of trust you were

1

in and shortly thereafter you committed your current offense."

On February 6, 2007, Plaintiff sent to Defendant Strongin an "Affidavit of Truth" which, Plaintiff alleges, "required her to respond, point for point, to the issues stipulated in the Affidavit, which was done under the penalty of perjury." Strongin and Ward failed to respond to Plaintiff's affidavit. Plaintiff requested a meeting with Defendant Wofford, in order to "clarify the misinformation being placed into plaintiff's central file by Ms. Strongin and Ms. Ward." Ms. Wofford responded to Plaintiff (Plaintiff does not specify whether the response was verbal or written) that she agreed with the decision.

On January 29, 2007, Plaintiff sent an affidavit of truth to the Warden. In the affidavit, Plaintiff "denies Mr. Wrigley's allegations of criminal activity during Plaintiff's past employment with INS, and that I committed the current offense, conspiracy to possess with intent to distribute cocaine." Plaintiff goes on to deny other allegations relating to his underlying criminal conviction. Plaintiff did not receive a response from the warden. Plaintiff contends that the defendants know the affidavits are true, and that the false allegations have cause Plaintiff horror, grief, distress, and loss of reputation.

In the order dismissing the original complaint, Plaintiff was advised that he must allege facts indicating that he was deprived of an interest protected by the U.S. Constitution. It is well settled law that Prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976); see also Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983). Plaintiff can not therefore state a claim for relief on the ground that he was denied transfer to a prison camp. Plaintiff has no protected interest in camp placement, and defendants can not therefore be liable for denying him placement in a camp based on the facts alleged in this case.

Further, Plaintiff appears to challenge the validity of his underlying conviction. Plaintiff alleges that defendants allowed false information to be placed in Plaintiff's central file.

Plaintiff's specific allegations are that defendants knew that the facts underlying his conviction are false. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973); <u>Young v. Kenny</u>, 907 F.2d 874 (9th Cir. 1990), <u>cert</u>. <u>denied</u> 11 S.Ct. 1090 (1991). The facts alleged, if true, would imply the illegality of Plaintiff's custody. Such claims should be brought in a petition for writ of habeas corpus.

Plaintiff has also filed a motion for summary judgment. A case must be sufficiently advanced in terms of pretrial discovery for the summary judgment target to know what evidence likely can be mustered and be afforded a reasonable opportunity to present such evidence. <u>Portsmouth Square, Inc., v. Shareholders Protective Comm.</u>, 770 F.2d 866, 869 (9th Cir. 1985). Rule 56 contemplates that the opposing party have a sufficient opportunity to discover information essential to its position. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986). Here, no defendants have been served or entered an appearance. Further, Plaintiff's motion consists of a single page and simply requests the judgment be entered in his favor. Plaintiff has not met this burden.

The Court finds that Plaintiff has failed to allege facts sufficient to state a claim for relief. Further, the Court finds that the defects identified in the first amended complaint can not be cured by amendment. The central claim in this case is that Plaintiff was denied placement in a camp. He has no constitutionally protected interest in such placement. This case should therefore be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed for failure to state a claim upon which relief could be granted.

2. Plaintiff's motion for summary judgment be denied.

| | |
|---|---|
| 1 | These findings and recommendations are submitted to the United States District Judge |
| 2 | assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days |
| 3 | after being served with these findings and recommendations, any party may file written |
| 4 | objections with the court and serve a copy on all parties.  Such a document should be captioned |
| 5 | "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections |
| 6 | shall be served and filed within ten days after service of the objections.   The parties are advised |
| 7 | that failure to file objections within the specified time waives all objections to the judge's |
| 8 | findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file |
| 9 | objections within the specified time may waive the right to appeal the District Court's order. |
| 10 | Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). |

IT IS SO ORDERED.

**Dated:   April 30, 2009**              /s/  **William M. Wunderlich**
                                         UNITED STATES MAGISTRATE JUDGE